## HENNIKEN & PALMORE v. BROWN & GOODWIN.

1. AWARD. The Court decline to disturb the verdict of a jury, enforcing an award, the terms of which had been accepted by the parties to the suit before action brought.

2. SAME. *Submission.* By the terms of the submission the parties agreed "to abide by any award made by their mutual friends . . . . . in the arbitration of an unsettled account between them."

*Held,* Sufficiently broad to cover all matters of difference between them growing out of the account.

FROM DAVIDSON.

Appeal from the Law Court. Jo. C. GUILD, Judge.

NEIL S. BROWN for complainants.

ED. BAXTER for defendants.

FREEMAN, J., delivered the opinion of the Court.

This action is brought on an award, with a count for balance due on an account . stated for $1,122 49. The facts necessary to be stated are, that in February, perhaps, 1869, Palmore, of the firm of Henniken & Palmore, commission merchants of New York, being in the city of Nashville, and desiring to secure the influence of defendants in establishing . a trade in this State, proposed to advance the money to pay for cotton which might be purchased by defendants, said cotton to be shipped to the house of plaintiffs, in New York. Palmore made liberal offers to hold the cotton until it made a profit, or the season closed, and gave such assurances to defendants of the prospect of profits as induced them to engage in the business. Ninety-eight bales of cotton were purchased, paid for by drafts on the New York firm, which were met, and the cotton held until the 11th of June, 1869, when it was sold, after notice to the parties that it could not be held longer. An account of sales was duly rendered, together with an account current, showing charges, commissions, etc., from which an indebtedness of $1,682 49 appeared against defendants. Palmore came to Nashville after this, defendants having complained and demurred to the amount of the charges and commissions in the account rendered, when the matters of difference

between the parties were agreed to be submitted, on 3d of August, 1869, to mutual friends for settlement. By the terms of this agreement, the parties bound themselves to "abide by any award made by their mutual friends, McAllister & Cheney, "in the arbitration of an unsettled account between them." This agreement was signed by Palmore, in the name of the firm, the fact being stated, they were "in liquidation," and by defendants. The arbitrators, after hearing the parties, and such testimony as they chose to submit, drew up an award, by which they deducted $560 20 from the amount of the account of plaintiffs, on account of overcharges. This award was presented to the parties, and accepted by them, in the following terms: "We hereby accept the award rendered by Messrs. Cheney, McAlister, and Sample, the latter having been called in during the trial, in the account of Henniken & Palmore against Goodwin & Brown, wherein the said Henniken & Palmore are to deduct from their account of $1,682 69 the sum of $560 50. Failing to pay or secure this sum, this suit was brought, and judgment rendered for plaintiffs.

Several supposed errors are urged for reversal.

First, it is said, the question of damages, sustained by the defendants by reason of alleged failure to sell or hold the cotton according to contract or instructions, was not gone into by the arbitrators, no evidence being submitted on this question.

We do not deem this well taken, as the submission is broad enough to cover all matters of difference be-

tween the parties growing out of the account, and the written acceptance of the result shows clearly that the parties considered the award as a final settlement between them, accepted it as such, and thereby fairly waived all contest as to the balance found, after the deduction of the $560 50, and recognized it as the amount due. In fact, all the proof shows satisfactorily that this was the accepted state of the case, until this suit was brought. This balance found due, under these facts, would well support the finding of the jury on the count for an account stated, and an indebtedness acknowledged to be due. The acceptance of this result was made with a full knowledge of all the facts of the case, and, we think, so far bound the parties as that the verdict of the jury could not be disturbed in this aspect of the case. In fact, from the whole record, the verdict but reaches the justice and right of the case.

In this view, we need not discuss the question made as to the power of a partner after dissolution to submit such a case as this to arbitration.

The finding of the jury is well sustained on the other ground stated, and being a satisfactory disposition of the case, it will be affirmed.